**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**TUITUAOLO OLENE TOGIAILUA, Defendant.**

High Court of American Samoa
Trial Division

CR No. 10-99

June 2, 1999

Before RICHMOND, Associate Justice, TUA`OLO, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Tautai A. F. Faalevao, Public Defender

ORDER DENYING MOTION TO SUPPRESS STATEMENTS
BY DEFENDANT'S WIFE, TO PROHIBIT HER TESTIMONY,
AND TO SCHEDULE EARLIER JURY TRIAL

This matter involves the alleged murder of a young woman by her father, defendant Tuituaolo Olene Togiailua ("Togiailua"). The chief eyewitness for the prosecution is Tuituaolo's wife, who has asserted that she does not wish to testify, purporting to invoke the privilege of spousal immunity. A formal motion to suppress her statements and to prevent her from testifying was filed on April 17, 1999. The motion also requested an earlier trial date. Hearings were held on April 19 and May 3, 1999, with Togiailua and both counsel present. The court has reviewed the wife's testimony, written submissions, and oral arguments on the issue of the spousal privilege.

## Discussion

A. Spousal Immunity Privilege

■ The specific issue of the existence and application of the spousal immunity privilege is one of first impression in this jurisdiction. Privileges generally, however, are governed by TCRE 501:

> Except as otherwise required by the Constitution of the United States or of American Samoa or provided by an Act of the Fono, the privileges of a witness, person, government or political subdivision thereof shall be governed by the principles of common law.

For guidance in our interpretation, we look to the development of the spousal privilege as it has evolved in the federal and various state courts.

■ Originally, the notion of spousal immunity grew out of the pre-twentieth century concept that husband and wife were a single entity in the eyes of the law, and that each was therefore incompetent to sue or appear as a witness against the other. GLORIA M. SODARO & PAUL A.J. WILSON, TESTIMONIAL PRIVILEGES § 5.02 (Scott N. Stone & Robert K. Taylor eds., 2d ed. 1995). Although the laws regarding spousal relations—and particularly regarding women's rights within the marriage—have changed dramatically since the late nineteenth century, the privilege of spousal immunity has survived under the rationale that it helps to promote harmony within the marriage and family. *Hawkins v. United States,* 358 U.S. 74, 79 (1958) (privilege properly perseveres to "foster family peace").[1]

---

[1] A separate and distinct privilege, which protects the confidentiality of spousal communications, was also developed at common law. Unlike

■ Nevertheless, the recent trend has been to increasingly limit the reaches of spousal immunity, largely in recognition of the fact that certain acts within a family by their very nature tend to undermine the marital and family harmony which the privilege seeks to protect. *United States v. Cameron,* 445 U.S. 40, 40-41 (1980). Among those acts are crimes against the spouse and, by extension, against the children. *Id.; Herritt v. State,* 339 So.2d 1365 (Miss. 1976); *United States v. Allery,* 526 F.2d 1362, 1366 (8th Cir. 1975) ("a serious crime against a child is an offense against that family harmony and to society as well"). In short, acts of violence within a family are far more disruptive than any subsequent testimony offered by a defendant's spouse could ever be. We agree with those courts holding that the shield of spousal immunity is necessarily removed in such cases.

In this particular case, the alleged crime at issue is no less than the murder of a child by one of her parents. In balancing the competing goals of family harmony and the need for a complete and thorough fact-finding, the interests of justice require that the scales be tipped in favor of the latter. Spousal immunity does not apply, and Togiailua's wife may properly be compelled to testify.

## B. Speedy Trial

■ Togiailua also requests, on the ground of his right to a speedy trial, that his jury trial now scheduled on August 3, 1999, be rescheduled to an earlier date no later than June 15, 1999. A defendant's right to a speedy trial in a criminal prosecution is protected by Article I Section 6 of the Revised Constitution of American Samoa. Togiailua was arrested on February 11, 1999, and bail was set on February 18, 1999. Unable to post bail, set at reasonable $35,000 for a homicide prosecution, he has been in pretrial confinement since then. The trial date was scheduled at the arraignment without Togiailua's objection. Moreover, given the criminal caseload of the court and an appropriate time to prepare for trial in a homicide prosecution, the trial is scheduled at a reasonable interval after Togiailua's arrest and arraignment in this court. Togiailua's right to a speedy trial has not been abridged.

---

spousal immunity, which can prevent testimony regarding conduct or other facts, this more limited privilege shields only private *communications* between husband and wife, for the specific purpose of encouraging openness and honesty within a marriage. *United States v. Cameron,* 556 F.2d 752, 755 (5th Cir. 1977); *Bergner v. State,* 397 N.E.2d 1012 (Ind. 1979); *Coleman v. State,* 380 A.2d 49 (Md. 1977). In the instant case, Togiailua's wife would be testifying as to an act which she observed rather than a confidential conversation between herself and her husband. Thus, the marital communications privilege is inapplicable.

Togiailua's motion to suppress statements by his wife and to prohibit her testimony for the prosecution against her husband, on the ground of the privilege of spousal immunity, is denied. His motion for an earlier trial date, on the ground of his right to a speedy trial, is also denied.

It is so ordered.

